UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| Neuro Science Technologies, LLC, an Iowa Limited Liability Company<br><br>                   Plaintiff,<br><br>vs.<br><br>Lawrence A. Farwell<br><br>                   Defendant. | NO. 2:20-mc-00009 RSL<br><br>MOTION TO CONFIRM ARBITRATION AWARD BY STIPULATION |

    This matter having come on regularly for trial before the undersigned Judge pursuant to 9 USC § 9 for entry of a Judgment on an Arbitration Award. The

    Plaintiff Neuro Science Technologies, LLC, an Iowa Limited Liability Company and Defendant Lawrence A. Farwell move this Court to Confirm the Arbitration Award made on January 23, 2020.

    1. Attached hereto as Exhibit A is a copy the Agreement between the Parties to arbitrate their patent/trademark infringement dispute pursuant to 9 USC § 13.

    2. Attached hereto as Exhibit B is the Arbitration Award issued by Randy M. Boyer.

    3. The undersigned Parties have stipulated to entry of the Arbitration Award in the Court

Motion to Confirm Arbitration Award      - 1

RANDY M. BOYER, INC.
————PROFESSIONAL SERVICE CORPORATION————
A T T O R N E Y
7017 196TH ST. S.W.
LYNNWOOD, WASHINGTON 98036
(425) 712-3107 FACSIMILE (425) 778-2274

record.

The Parties request that this Court confirm the Arbitration Award and enter Judgement in the form submitted herewith.

Dated: February 7, 2020

Neuro Science Technologies, LLC

By: _____    _____
Ronald Kirkendorfer, President    Lawrence A. Farwell

PRESENTED BY:

_____
Randy M. Boyer
WSBA No. 08665
Arbitrator

Motion to Confirm Arbitration Award    - 2

RANDY M. BOYER, INC.
PROFESSIONAL SERVICE CORPORATION
ATTORNEY
7017 196TH ST. S.W.
LYNNWOOD, WASHINGTON 98036
(425) 712-3107 FACSIMILE (425) 778-2274

**Exhibit A**

## Arbitration Agreement

In the Matter of the Arbitration Between:

Party: Dr. Lawrence Farwell

and

Party: Ronald Kirkendorfer, President of Neuro Science Technologies, LLC

### Dispute Submitted to Arbitration

The parties hereby submit the following matter to binding arbitration [describe any limits on the arbitrator's authority or specific relief requested by the parties]:
Parties require findings of fact, conclusions of law, and award regarding US Patents and associated intellectual property.

### Conduct of Proceedings & Authority of Arbitrator

1. The undersigned parties hereby submit the dispute as set forth above to binding arbitration through Washington Arbitration & Mediation Service, in accordance with the provisions of RCW 7.04A.

2. The undersigned parties agree to select an arbitrator and otherwise conduct the arbitration in accordance with Washington law.

3. The undersigned parties have agreed in writing to submit the dispute to Randy M. Boyer as the arbitrator has been given the authority to settle all points and controversies at issue in the above-described dispute and award appropriate relief. The arbitrator shall be the sole judge of the admissibility of the evidence offered by the parties. Formal Rules of Evidence shall not apply to this proceeding.

4. Fees: The Mediator's hourly rate for the Mediation is $275.00/hour. The hourly rate is applicable to all time the Mediator spends in pre-meeting conferences or telephone conferences, meetings with the parties, research, reviewing and preparing correspondence, including emails, reviewing submitted documents, telephone calls, preparing documents, travel time and other

related activities. Each of the parties will be responsible for the entire Arbitration Fee. If the Arbitration award states that one of the party's is responsible for payment, that party shall pay the arbitration fee. If that party does not pay the bill within 30 days of the Award then the other party shall pay the fee and have judgment against the responsible party for that amount.

## Award Legally Binding

The undersigned parties contract and agree to legally abide by and perform any award(s) rendered pursuant to this Agreement, and further agree that judgment may be entered thereupon in a court of competent jurisdiction in the State of Washington. If any party fails to proceed with arbitration, fails to comply with an award, or unsuccessfully challenges an award, that party must pay all costs of suit, including reasonable attorney's fees incurred to enforce or defend such an award, including legal interest on the amount awarded, for all other parties to this arbitration proceeding.

Dr. Lawrence Farwell


_Lawrence A. Farwell_     January 15, 2020
Signature                 Date



Neuro Science Technologies, LLC
Ronald Kirkendorfer, President



_[signature]_     JANUARY 15, 2020
Signature         Date

## Arbitration Agreement

This Agreement by and between Lawrence A. Farwell ("Farwell"), residing in Marysville, Washington and Neuro Science Technologies, LLC ("NST"), an LLC registered in Iowa (collectively, the "Parties") is entered into this 13th day of January, 2020.

It is understood and agreed that the Parties have disputes regarding Brain Fingerprinting intellectual property and US Patents #5,363,858, #5,406,956, #5,467,777, and # 7,689,272.

The Parties agree that all disputes between the Parties shall be settled by arbitration in Washington state by an arbitrator to be mutually agreed upon.

The parties further agree that the outcome of said arbitration shall be recorded in Snohomish County District Court in Washington state, United States District Court for the Western District of Washington, United States District Court for the Southern District of Iowa, and Jefferson County, Iowa District Court. Both Parties agree to each take whatever actions are necessary or useful to accomplish said recording.

The Parties agree that said arbitration shall be final and shall not be subject to appeal.

_Lawrence A. Farwell_ (signature)

Dr. Lawrence A. Farwell


Neuro Science Technologies, LLC
by: _(signature)_

Ronald Kirkendorfer, President

**Exhibit B**

Space for Filing & Receipt Stamps

| | |
|---|---|
| NEURO SCIENCE TECHNOLOGIES LLC, an Iowa Limited Liability Company<br><br>Plaintiff,<br><br>vs.<br><br>LAWRENCE A. FARWELL, an Individual<br><br>Defendant. | NO.<br><br>ARBITRATION AWARD |

THIS MATTER came before Randy M. Boyer, Attorney at Law upon the stipulation of the parties for a binding Arbitration. The Arbitrator adopts the Findings and Conclusions stipulated to by the Parties and enter this Award as follows:

**Findings of Fact**

1. Neuro Science Technologies, LLC ("NST"), is an LLC registered in the state of Iowa. Kirkendorfer is the president of NST. NST currently owns the Patents referenced herein.

2. Dr. Lawrence A. Farwell ("Farwell"), is a resident of Marysville, Snohomish County, Washington.

3. Ronald Kirkendorfer, ("Kirkendorfer"), is a resident of Edmonds, Snohomish County, Washington.

Arbitration Award — 1 —

RANDY M. BOYER, INC.
*PROFESSIONAL SERVICE CORPORATION*
ATTORNEY
7017 196TH ST. S.W.
LYNNWOOD, WASHINGTON 98036
(425) 712-3107 FACSIMILE (425) 778-2274

4. Ronald Kirkendorfer is the president of Neuro Science Technologies, LLC and the president of Life Science and Technology, LLC.

5. Farwell is the inventor of brain fingerprinting as embodied in US patents #5,363,858, #5,406,956, #5,467,777 (the "Brain Fingerprinting Patents") and the invention embodied in US patent # 7,689,272 ("Patent '272"). Farwell is the chairman and a major equity holder in Brain Fingerprinting Laboratories, Inc.

6. U.S. Patent #5,363,858 expired May 5, 2013. U.S. Patent #5,406,956 expired February 11, 2013. U.S. Patent #5,467,777 expired September 15, 2014. US Patent # 7,689,272 is still in force and will expire June 7, 2022.

7. The Brain Fingerprinting intellectual property ("Brain Fingerprinting IP") comprises the invention disclosed and enabled in the Brain Fingerprinting Patents, and is further defined as the "Developed Intellectual Property" specified in the assignment of the same by American Scientific Innovations, LLC to Life Science and Technology, LLC recorded on or about March 5, 2015, USPTO reel/frame 035353/0016.

8. Life Science and Technology, LLC ("LST") is an LLC registered in Wyoming and residing in Edmonds, Snohomish County, Washington. Kirkendorfer is the president of LST. LST owned the Brain Fingerprinting Patents, the Brain Fingerprinting Intellectual Property, and Patent '272 referenced herein from 2015 through 2019, when LST assigned the same to NST.

9. Farwell is not a member, officer, board member, equity holder, agent, or employee of LST, or of any entity with any interest in or control over LST. LST is entirely independent of and separate from Farwell.

10. Farwell is not a member, officer, board member, equity holder, agent, or employee of NST,

Arbitration Award — - 2 - — RANDY M. BOYER, INC.
———PROFESSIONAL SERVICE CORPORATION———
ATTORNEY
7017 196TH ST. S.W.
LYNNWOOD, WASHINGTON 98036
(425) 712-3107 FACSIMILE (425) 778-2274

or of any entity with any interest in or control over NST. NST is entirely independent of and separate from Farwell.

11. Brain Fingerprinting Laboratories, Inc. ("BFL") is a Delaware C corporation with offices in Marysville, Washington. Farwell is the CEO and majority equity holder of BFL. BFL has never had or claimed any interest in the Patents or Brain Fingerprinting Intellectual Property referenced herein.

12. Brainwave Science, LLC ("BWS") was a Delaware LLC from 2012 – 2016, with offices in Massachusetts during its existence. Farwell and BFL were major equity holders in BWS.

13. American Scientific Innovations, LLC ("ASI") was a Wyoming LLC from 2002 through 2015, with offices in Seattle during its existence. Ben Bryant was the general manager and sole authorized representative of ASI during its existence. ASI owned the Brain Fingerprinting Patents referenced herein from 2003 – 2015 and the '272 Patent referenced herein from 2010 – 2015. ASI assigned the Patents to LST in 2015.

14. During the time ASI existed, Farwell was not a member, officer, board member, equity holder, agent, or employee of ASI, or of any entity with any interest in or control over ASI. ASI was entirely separate from and independent of Farwell.

15. Kirkendorfer was not a member, officer, board member, equity holder, agent, or employee of ASI, or of any entity with any interest in or control over ASI, and had no authority to act on behalf of ASI. ASI was entirely independent of and separate from Kirkendorfer.

16. Farwell assigned the Brain Fingerprinting IP comprising the three Brain Fingerprinting Patents #5,363,858, (USPTO reel/frame 013691/0846), #5,406,956, (USPTO reel/frame 013691/0813), #5,467,777 (USPTO reel/frame 013691/0789), and all associated intellectual property to ASI on or about January 27, 2003.

Arbitration Award — - 3 - — RANDY M. BOYER, INC.
PROFESSIONAL SERVICE CORPORATION
ATTORNEY
7017 196TH ST. S.W.
LYNNWOOD, WASHINGTON 98036
(425) 712-3107 FACSIMILE (425) 778-2274

17. Farwell assigned US Patent # 7,689,272 a patent junior to the Brain Fingerprinting Patents comprising additional art outside of the Brain Fingerprinting IP, to ASI on or about July 2, 2010 (USPTO reel/frame 024651/0979).

18. Brain Fingerprinting Laboratories, Inc. (BFL) never was assigned any ownership of or interest in the Brain Fingerprinting Patents, the Brain Fingerprinting IP, and Patent '272.

19. As a result of the assignments specified above, the only entity that had ownership interest in the Brain Fingerprinting IP, the Brain Fingerprinting Patents, and Patent '272 in 2013 was American Scientific Innovations, LLC.

20. On or about June 17, 2013 Farwell signed a document that was erroneously recorded at the USPTO (reel/frame 030779/0565) as an apparent assignment of the Brain Fingerprinting Patents and Patent '272 by American Scientific Innovations, LLC ("ASI") to Brainwave Science, LLC ("BWS"), a limited liability company in which Farwell and Farwell's corporation BFL held a major ownership interest. Said document was not executed by the undisputed owner of the Patents at the time, ASI. The sole signatory Farwell of said document was not a member, board member, officer, employee, or agent of ASI and had no authority or apparent authority to execute a documents on behalf of ASI. No one with any authority to represent or bind ASI executed said document. There was no consideration flowing from the purported assignee to the purported assignor as per 35 USC 261 in said document. The spaces in the document reserved for the description of ASI, the state where it was organized, and the address of ASI were left blank.

21. On or about June 26, 2013 Farwell signed a document that was erroneously recorded at the USPTO (reel/frame 030769/0044) as an apparent assignment of the Brain Fingerprinting Patents and Patent '272 by ASI to Farwell. The sole signatory Farwell of said document

Arbitration Award - 4 -

RANDY M. BOYER. INC.
───PROFESSIONAL SERVICE CORPORATION───
A T T O R N E Y
7017 196TH ST. S.W.
LYNNWOOD, WASHINGTON 98036
(425) 712-3107 FACSIMILE (425) 778-2274

was not a member, board member, officer, employee, or agent of ASI and had no authority or apparent authority to execute a document on behalf of ASI. No one with any authority to represent or bind ASI executed said document. There was no consideration flowing from the purported assignee to the purported assignor in said document.

22. On or about June 17, 2013 Farwell signed a document that was erroneously recorded at the USPTO (reel/frame 030779/0606) as an apparent patent assignment of the Brain Fingerprinting Patents and Patent '272 from Farwell to BWS. The signatory of the said document, Farwell, had no ownership interest in the subject intellectual property of said document. There was no consideration flowing from the purported assignee to the purported assignor in said document.

23. On or about June 17, 2013 Farwell signed a document that was erroneously recorded at the USPTO (reel/frame 030779/0644) in as an apparent patent assignment of the Brain Fingerprinting Patents, the Brain Fingerprinting IP, and Patent '272 from BFL to BWS. BFL, the apparent assignor of said document, and Farwell, the signatory for BFL (as Chairman) had no ownership interest in the Brain Fingerprinting Patents, the Brain Fingerprinting IP, and Patent '272. There was no consideration flowing from the purported assignee to the purported assignor in said document.

24. On or about March 5, 2015, ASI assigned the Brain Fingerprinting Patents and the Brain Fingerprinting IP to LST (USPTO reel/frame 035353/0016). Said assignment was executed by Ben Bryant, the general manager of ASI, who had full authority to execute agreements on behalf of ASI. ASI was the rightful owner of the Brain Fingerprinting Patents and the Brain Fingerprinting IP at that time.

25. On or about March 5, 2015, ASI assigned Patent '272 to LST (USPTO reel/frame

Arbitration Award   - 5 -   RANDY M. BOYER. INC.
*PROFESSIONAL SERVICE CORPORATION*
A T T O R N E Y
7017 196TH ST. S.W.
LYNNWOOD, WASHINGTON 98036
(425) 712-3107 FACSIMILE (425) 778-2274

035259/0280). The assignment was executed by Ben Bryant, the general manager of ASI, who had full authority to execute agreements on behalf of ASI. ASI was the rightful owner of Patent '272 at that time

26. On or about October 30, 2019 LST assigned to NST the Brain Fingerprinting Patents and the Brain Fingerprinting IP (USPTO reel/frame 050862/0702), and the '272 Patent (USPTO reel/frame 050875/0934).

27. From 2000 through 2006, Farwell held a service mark on "Brain Fingerprinting" registered with the USPTO (registration number 2308729). Said mark was cancelled October 21, 2006. The mark "Brain Fingerprinting" is now in the public domain.

## Conclusions of Law

1. The following are valid patent assignments by entities or individuals who owned the referenced intellectual property at the time of the assignment and had the right and authority to transfer the same:

   (a) From inventor Lawrence Farwell to American Scientific Innovations, LLC of US Patent #5,363,858, USPTO reel/frame 013691/0846, on or about January 27, 2003;

   (b) From inventor Lawrence Farwell to American Scientific Innovations, LLC of US Patent #5,467,777 reel/frame 013691/0789, on or about January 27, 2003;

   (c) From inventor Lawrence Farwell to American Scientific Innovations, LLC of US Patent #5,406,956, USPTO reel/frame 013691/0813, on or about January 27, 2003;

   (d) From inventor Lawrence Farwell to American Scientific Innovations, LLC of US Patent # 7,689,272 USPTO reel/frame 024651/0979, on or about July 2, 2010.

   (e) From American Scientific Innovations, LLC to Life Science and Technology, LLC of US Patents #5,363,858, 5,406,956, #5,467,777 and 7,689,272 and the Developed

Arbitration Award — 6 —

RANDY M. BOYER. INC.
─── PROFESSIONAL SERVICE CORPORATION ───
A T T O R N E Y
7017 196TH ST. S.W.
LYNNWOOD, WASHINGTON 98036
(425) 712-3107 FACSIMILE (425) 778-2274

   Intellectual Property specified therein recorded on or about March 5, 2015, USPTO reel/frame 035353/0016.

 (f) From American Scientific Innovations, LLC to Life Science and Technology, LLC of US Patent 7,689,272 recorded on or about March 5, 2015, USPTO reel/frame 035259/0280.

 (g) From Life Science and Technology, LLC to Neuro Science Technologies, LLC of US Patents #5,363,858, 5,406,956, #5,467,777 (USPTO reel/frame 050862/0702), of US Patent 7,689,272 (USPTO reel/frame 050875/0934), and the Developed Intellectual Property specified therein recorded on or about October 30, 2019,

2. Whereas Farwell was not and is not a member, officer, board member, equity holder, agent, or employee of American Scientific Innovations, LLC, and has no direct or indirect control of ASI or of any entity with any interest in or control over ASI, Farwell does not have and did not have any authority to act on behalf of ASI or to bind ASI to a patent assignment or to any agreement or obligation.

3. Lawrence A. Farwell did not have the legal authority to execute the following documents that he signed:

 (a) The document regarding American Scientific Innovations, LLC and Brainwave Science, LLC and US Patents #5,363,858, #5,406,956, #5,467,777 and #7,689,272 recorded on or about July 11, 2013, USPTO reel/frame 030779/0565;

 (b) The document regarding American Scientific Innovations, LLC, Lawrence Farwell, and US Patents #5,363,858, #5,406,956, #5,467,777 and #7,689,272 recorded on or about July 10, 2013, USPTO reel/frame 030769/0044.

4. Lawrence A. Farwell did not own the intellectual property specified in the following

Arbitration Award   - 7 -   RANDY M. BOYER. INC.
*PROFESSIONAL SERVICE CORPORATION*
ATTORNEY
7017 196TH ST. S.W.
LYNNWOOD, WASHINGTON 98036
(425) 712-3107 FACSIMILE (425) 778-2274

document that he signed:

    (c) The document regarding Lawrence Farwell and Brainwave Science, LLC and US Patents #5,363,858, #5,406,956, #5,467,777 and # 7,689,272 recorded on or about July 11, 2013, USPTO reel/frame 030779/0606.

5. Brain Fingerprinting Laboratories, Inc. did not own the intellectual property specified in the following document that Lawrence Farwell signed as its chairman:

    (d) The document regarding Brain Fingerprinting Laboratories, Inc. and Brainwave Science, LLC and US Patents #5,363,858, #5,406,956, #5,467,777, and #7,689,272, recorded on or about July 11, 2013 (USPTO reel/frame 030779/0644).

6. The following are null and void and have no legal binding authority:

    (a) The document regarding American Scientific Innovations, LLC and Brainwave Science, LLC and US Patents #5,363,858, #5,406,956, #5,467,777 and #7,689,272 recorded on or about July 11, 2013, USPTO reel/frame 030779/0565;

    (b) The document regarding American Scientific Innovations, LLC, Lawrence Farwell, and US Patents #5,363,858, #5,406,956, #5,467,777 and #7,689,272 recorded on or about July 10, 2013, USPTO reel/frame 030769/0044.

    (c) The document regarding Lawrence Farwell and Brainwave Science, LLC and US Patents #5,363,858, #5,406,956, #5,467,777 and # 7,689,272 recorded on or about July 11, 2013, USPTO reel/frame 030779/0606.

    (d) The document regarding Brain Fingerprinting Laboratories, Inc. and Brainwave Science, LLC and US Patents #5,363,858, #5,406,956, #5,467,777 and # 7,689,272 recorded on or about July 11, 2013, USPTO reel/frame 030779/0644.

7. Neuro Science Technologies, LLC has clear and marketable title to the Patents and the

Arbitration Award — - 8 -

Randy M. Boyer. Inc.
*PROFESSIONAL SERVICE CORPORATION*
ATTORNEY
7017 196th St. S.W.
Lynnwood, Washington 98036
(425) 712-3107 Facsimile (425) 778-2274

intellectual property specified in the assignments from Life Science and Technology, LLC to Neuro Science Technologies, LLC recorded on or about October 30, 2019, USPTO reel/frame 050862/0702 and USPTO reel/frame 050875/0934, including the Developed Intellectual Property specified therein, except for the intellectual property disclosed and enabled in expired patents #5,363,858, 5,406,956, and #5,467,777.

8. Life Science and Technology, LLC is entirely independent of Farwell. Whereas Farwell was not and is not a member, officer, board member, equity holder, agent, or employee of LST, and has no direct or indirect control of LST or of any entity with any interest in or control over LST, Farwell has no authority or ability to represent LST, to bind LST to any agreement or obligation, or to influence the actions of LST.

9. Neuro Science Technologies, LLC is entirely independent of Farwell. Whereas Farwell was not and is not a member, officer, board member, equity holder, agent, or employee of Neuro Science Technologies, LLC, and has no direct or indirect control of NST or of any entity with any interest in or control over NST, Farwell has no authority or ability to represent NST or to bind NST to any agreement or obligation, or to influence the actions of NST.

10. Whereas the service mark "Brain Fingerprinting" has been cancelled by the USPTO and is now in the public domain, Farwell has the right to use the mark "Brain Fingerprinting."

11. Whereas US Patents #5,363,858, 5,406,956, #5,467,777 have expired, Farwell is free to practice the invention disclosed and enabled in said US Patents without permission of or compensation to anyone.

12. The United States Federal District Courts have jurisdiction because the dispute involves federal patents.

RANDY M. BOYER. INC.
—PROFESSIONAL SERVICE CORPORATION—
A T T O R N E Y
7017 196TH ST. S.W.
LYNNWOOD, WASHINGTON 98036
(425) 712-3107 FACSIMILE (425) 778-2274

Final Award

1. Neuro Science Technologies, LLC is entitled to damages in the amount of $100,000.00 from Lawrence Farwell for the damages it incurred resulting from Lawrence Farwell's signing the documents specified in paragraphs 3, 4, and 5 above. The action of Farwell's counsel in filing the documents with the Patent Office was willful for which Farwell is liable. Damages are therefore increased to $300,000.00 (inclusive of the $100,000.00 in damages).

2. Both parties have stipulated to the above-stated Findings of Fact and Conclusions of Law.

3. Both parties have stipulated to resolving this matter through private binding arbitration before the undersigned Arbitrator.

4. The fees of the Arbitrator shall be paid by Lawrence Farwell along with any Court costs incurred in filing this award.

Dated: January 23, 2020

_____
Randy M. Boyer
Arbitrator
WSBA 8665

Arbitration Award                - 10 -                RANDY M. BOYER, INC.
―PROFESSIONAL SERVICE CORPORATION―
ATTORNEY
7017 196TH ST. S.W.
LYNNWOOD, WASHINGTON 98036
(425) 712-3107 FACSIMILE (425) 778-2274