Honorable ROBERT S. LASNIK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| Neuro Science Technologies, LLC, an Iowa Limited Liability Company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Lawrence A. Farwell,<br><br>　　　　Defendant | Case No.: 2:20-cv-1554<br><br>**REPLY BRIEF BY PROPOSED INTERVENOR BRAINWAVE SCIENCE, INC. IN SUPPORT OF MOTION TO INTERVENE AND VACATE THIS COURT'S FEBRUARY 25, 2020 DECISION AND ORDER PROCURED BY FRAUD UPON THIS COURT.** |

**Note on Motion Calendar:　October 23, 2020**

Within his unsigned papers submitted in opposition to the relief requested by BWS, Defendant Farwell asserts that the undersigned does not have standing to represent the interests of BWS [ECF #10 at 4] and that the present motion is made for the improper purposes of compromising Defendant Farwell as a witness against BWS' principal in "fraud cases" [ECF #10 at 3]. Defendant Farwell further argues that BWS fails to meet the requirement for intervention as it has not demonstrated a significant, protectable interest in the subject of the present litigation [ECF #10 at 5]. Finally, Defendant Farwell argues that BWS' Motion should be denied as BWS has failed to establish that said Order was procured by fraud, misrepresentation or misconduct [ECF #10 at 6]. BWS respectfully submits that Defendant Farwell's assertions are unsupported in fact or law and provide an insufficient basis to deny the relief requested by BWS within its pending Motion before this Court.

*Defendant Farwell's assertion that BWS' attorneys lack standing to represent BWS is wholly without merit.*

Defendant Farwell's assertion that the undersigned and BWS' In House Counsel, Attorney Paul Tomkins (hereinafter "Tomkins"), are not authorized to represent Brainwave Science, Inc. [ECF #10 at 4] is wholly without merit. BWS' business records reflect that BWS is wholly owned by Krishna Ika. (See October 22, 2020 Declaration of Paul F Tomkins (hereinafter "Tomkins") ¶1-3). Tomkins has reported directly to Krishna Ika, Principal and CEO of BWS (hereinafter "Ika"), since the inception of his employment on or about March 31, 2017 (Tomkins at ¶4). The undersigned has been retained by Tomkins and Ika to represent the interests of BWS in connection with this matter (Tomkins at ¶5).

*Defendant Farwell's assertions that the present motion is made for the improper purposes is an outright fabrication.*

Defendant Farwell alleges that the present motion constitutes an effort to "silence, compromise, or discredit [Farwell] as a witness against Ika in fraud cases" (ECF #10 at Page 3,

Line 8-9). This assertion is without merit. BWS has not been advised of any such investigation, past or pending, and has no reasonable basis to believe that it is a potential target of any such investigations by governmental agencies within any domestic or international jurisdiction (Tomkins at ¶6). Defendant Farwell's assertion that the any representative of Brainwave Science, Inc. has engaged in "witness tampering" in connection with any past, pending or threatened claims before any United States Court is likewise wholly without merit. The claim referenced by Plaintiff Farwell, *E. Hedinger AG et al vs. Brainwave Science, LLC et al* (1:18-cv-00538-MN) (ECF 10 at 2, line 25-26) was dismissed by the District Court and subsequently withdrawn with prejudice in arbitration by that Claimant in or about September 2019 without payment of any remuneration by Brainwave Science, Inc (Tomkins at 7).

*Defendant Farwell's assertion that BWS has failed to meet the required showing for intervention, whether permissive or as of right, is unsupported in fact or law.*

Given the Ninth Circuit's liberal policy in favor of intervention, a court must broadly construe the following four criteria when evaluating a request to intervene by right under Fed. R. Civ. P. 24(a)(2): (1) the application must be timely; (2) the applicant must have a significant protectable interest in the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest. Prete v. Bradbury, 438 F.3d 949, 954 (9th Cir. 2006); Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998).

Defendant Farwell argues that BWS' Motion to Intervene fails on the second prong of the afore-referenced analysis which requires that BWS "have a significant protectable interest in the action" in order to establish a legal basis for intervention. Specifically, Defendant Farwell alleges that "BWS Inc. lacks the standing to intervene 'to protect and defend its interests in the intellectual property' because it has no such interest, and has provided absolutely no evidence to the contrary"

and that "Ika and his attorneys have provided no evidence whatsoever that BWS Inc. has any ownership interest in the Brain Fingerprinting patents (ECF #10 at 5, Lines 1-2 and 7-9).

Defendant Farwell has acknowledged that he himself signed the Agreements assigning the subject intellectual property to BWS, LLC (ECF #6, EXHBIT A). Prior to executing those agreements, Defendant Farwell affirmatively represented that he was "the Founder and General Manager of American [Scientific, Inc.] and [had] full control and signatory authority for American [Scientific, Inc.] (ECF #6, Exhibit I). Plaintiff Farwell's characterization of the assignment agreements as "draft documents…never intended by the purported 'assignors' to be recorded at the USPTO" [ECF #10, Page 5, Line 28-29) is an outright misrepresentation. When questioned under oath as to the basis for his purportedly mistaken belief that he had authority to execute the intellectual property assignment documents on behalf the assignors of the Brainwave IP, Defendant Farwell testified that he himself believed he had authority to execute the assignment documents:

> Well, yes, and I'm mean what it comes down to, what you're essentially asking me is, Were you lying or were you just really stupid? And I'm afraid I'm going to have to go with really stupid. I mean I made an error. I simply didn't remember who was responsible for what, who had authority to do what. I – in good faith I believed I could bring all the necessary parties to the table and some to the – terms that we were discussing, and I was careless in – representing how much authority that I had. (Tomkins at 8)

Notwithstanding the forgoing, this Court's analysis as to whether BWS maintains a protectible interest in the present action does not require that this Court fully adjudicate BWS' underlying claim to the Brainwave IP. A significantly protectable interest requires only that the outcome of the challenge <u>may</u> impair the proposed intervenor's interest. <u>Citizens for Balanced Use v. Montana Wilderness Association</u>, 647 F.3d 893, 898 (9th Cir. 2011) (citation omitted) The February 25, 2020 Order of this Court, not only "may" but has, according to Defendant Farwell himself, impaired BWS' interest in pursuing its claim to the Brainwave IP. Defendant Farwell is

presently asserting within an arbitral proceeding that "It has been established in US federal court that none of the purported parties to the proposed arbitration [ ], have any ownership interest whatsoever in the subject patents." (ECF #6, Exhibit G at Page 1, Paragraph A). Defendant Farwell further asserts that the arbitral authority lacks jurisdiction as the "US district court has already recognized that a third party, Neuro Science Technologies, LLC owns the patents" (ECF #6, Exhibit G at Page 3, last full sentence). Defendant Farwell's assertion that BWS lacks a protectible interest in the subject of the present litigation is inconsistent with his own standing assertions to the arbitral authority and unsupported in fact or law.

*Defendant Farwell's assertion that there is an insufficient basis for BWS' Motion to vacate this Court's February 25, 2020 Decision and Order is without merit.*

As set forth within BWS' Motion before this Court, the stipulated findings and dicta embodied in the Arbitration Award (ECF #1 at 16), as confirmed within the February 25, 2020 Decision and Order of this Court, are wrought with self-serving, misleading and demonstrably false statements. Within what can only be described as a ludicrous attempt to portray the purported dispute between Defendant Farwell and NST as a bona fide dispute, Defendant Farwell now submits falsified and/or misleading evidence and claims that the alleged controversy was adjudicated by the Arbitrator.

Defendant Farwell asserts that "The dispute in the present case between Neuro Science Technologies, LLC ("NST") and Dr. Farwell was described in NST's Complaint [] and Dr. Farwell's Response and Counterclaims []." (ECF #10 at Page 6, Lines 24-27). In support of this assertion, Defendant Farwell submits NST's purported Complaint dated January 6, 2019 for Snohomish County, Washington (ECF #10 at Page 66). The "Complaint", which is unsigned and pre-dates the October 2019 formation of NST (ECF #6, Exhibit H ), bears no index number and, upon information, investigation and belief, was not filed before any Washington State or Federal tribunal. Defendant Farwell also submits Farwell's purported Response and Counterclaims (ECF #10 at Page 73). That submission, dated January 13, 2019, also pre-dates the formation of NST (ECF #6, Exhibit H ), bears

no index number and, upon information, investigation and belief, was not filed before any Washington State or Federal tribunal.

Defendant Farwell further attempts to portray the purported dispute between Defendant Farwell and NST as a bona fide dispute by mischaracterizing and misconstruing the Arbitrator's decision, made on stipulation by the parties to the arbitral proceedings (ECF #1 at Lines 15-18 ) as a "ruling" reached by the Arbitrator. Defendant Farwell asserts that

> NST argued successfully that Dr. Farwell's actions in signing the [Brainwave IP Assignment Agreement] damaged NST…NST asked the court to award $1,000,000 in damages…NST prevailed and was awarded damages in the amount of $300,000.00 (ECF #10, Page 7 at lines 8-13).

Defendant Farwell further claims he

> **Argued** that since the Brain Fingerprinting patents had expired, he was free to practice his invention of Brain Fingerprinting without permission of or compensation to NST or anyone…. **The arbitrator so ruled.** The arbitrator carefully examined the extensive documentation provided by both parties, including 14 exhibits comprising over 100 pages, **and reached his findings of fact and conclusions of law** in light of the clearly established facts and all relevant legal arguments. (ECF #10, Page 7 at lines 13-19) (Emphasis added)

Defendant Farwell advances further internally inconsistent and outright false claims in support of his continued contention that "LST is entirely independent of and separate from Farwell" (ECF #1 at 16). Incredibly, Farwell argues that his claim to be "entirely independent of and separate from" LST is consistent with his history of "ghost authoring" correspondence from LST's leadership regarding the very substance of this dispute (ECF #10, Page 8 at Lines 4-14). Defendant Farwell further asserts that he "never said that he indirectly controlled LST". This assertion is an outright misrepresentation. Defendant Farwell has unequivocally claimed that he has held such an ownership interest and that he regularly exercised a "major influence" over the leadership of LST. (ECF #6, Exhibit U). Defendant Farwell's assertion that he "never said that Kirkendorfer had no ownership interest in LST (ECF #10, Page 14) is also an outright lie. On August 14, 2019, Defendant Farwell testified as follows:

> Q. Is Mr. Kirkendorfer likewise unpaid in his role on behalf of LST?
> A. So far, yes.
> Q. And what entity or entities does Mr. Kirkendorfer own that would be involved in this dispute on any level?
> A. None. (Tomkins at 9).

Furthermore, as set forth within BWS' Motion papers, Defendant Farwell failed to notify the Court of the existence of the ongoing disputes regarding the very object of this "dispute" with identical or related parties in multiple jurisdictions as required by Local Court Rule 3(g) and 3(h). Defendant Farwell's response papers are deafeningly silent with respect to any claim of excuse or justification for this omission. By scheme and design of Defendants Farwell and NST, the Motion by their Arbitrator failed to notify this Court of pending, related actions involving the same parties and object of this purported dispute.

## CONCLUSION

For the foregoing reasons, the Court should grant Brainwave's motion to intervene and to vacate this Court's February 25, 2020 Decision and Order Confirming an Arbitration Award on Stipulation between Plaintiff NST and Defendant Farwell as procured by fraud, misrepresentation, misconduct and in violation of this Court's duly promulgated Local Court Rule 3(g).

DATED this 23rd day of October.   WIEBURG LAW OFFICES, PLLC

By:_____
Brett M. Wieburg, WSBA 22353
Attorney for Proposed Defendant-Intervenor
605 E. Sunset Way
Issaquah, WA 98027
425.427-5925
Brett.Wieburg@Wieburglaw.com