UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEURO SCIENCE TECHNOLOGIES LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LAWRENCE A FARWELL,<br><br>　　　　　Defendant. | C20-1554 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on Third Party Brainwave Science, Inc.'s (BWS) Motion to Intervene and Vacate the Court's February 25, 2020, Decision and Order, docket no. 5. Having reviewed all papers filed in support of, and in opposition to, the motion, including Defendant Lawrence Farwell's Surreply (docket no. 15) and declarations (docket nos. 16, 17, 18), the Court enters the following order.

**Background**

In June 2013, Farwell executed a series of assignments (Assignments) on behalf of himself, American Scientific Innovations, LLC (ASI), and Brain Fingerprinting Laboratories, Inc. (BFL) that purported to assign the parties' interests in certain intellectual property, including patents and trademarks, related to "Brain Fingerprinting"

ORDER - 1

technology (Brain Fingerprinting IP) to Brainwave Science, LLC.[1]  Ex. A to Tomkins Decl. (docket no. 6-1 at 2–20).  Three years later, Life Science and Technology, LLC (LST) sent BWS a letter stating that it owned the Brain Fingerprinting IP because it had acquired the Brain Fingerprinting IP from ASI in 2015 and Defendant Farwell had lacked the authority to bind ASI when he executed the Assignments in 2013.  Ex. K to Tomkins Decl. (docket no. 6-2 at 34).

In June 2019, BWS filed a declaratory action against Farwell, BFL, and ASI regarding the ownership of the Brain Fingerprinting IP in New York Supreme Court.  Ex. B to Tomkins Decl. (docket no. 6-1 at 23–26).  BWS also initiated a declaratory action against LST in the Wyoming Federal District Court in August 2019.  Ex. C to Tomkins Decl. (docket no. 6-1 at 30–35).  That same month, Farwell filed a complaint in Snohomish County Superior Court in Washington State against BWS and LST involving the Brain Fingerprinting IP.  Ex. D to Tomkins Decl. (docket no. 6-1 at 65–68).

BWS, LST, and Farwell later agreed to arbitrate all claims pending outside the New York proceeding before the American Arbitration Association (AAA).  Ex. E to Tomkins Decl. (docket no. 6-1 at 71–73).  BWS initiated arbitration before the AAA on June 1, 2020.  Ex. F to Tomkins Decl. (docket no. 6-2 at 2–13).  Farwell then moved to dismiss the arbitration proceedings before the AAA on the ground that "[i]t ha[d] been established in US federal court that none of the purported parties to the proposed

---

[1] BWS is the assignee and successor in interest to Brainwave Science, LLC.  Ex. B to Tomkins Decl. (docket 6-1 at 29).

ORDER - 2

arbitration . . . have any ownership interest whatsoever in the subject patents." Ex. G to Tomkins Decl. (docket no. 6-2 at 16).  Through this motion, BWS learned that LST had assigned the Brain Fingerprinting IP to Plaintiff Neuro Science Technologies, LLC (NST).  Motion to Intervene at 7; Ex. G to Tomkins Decl. at 16–17.  BWS further discovered that Farwell and NST had entered into a separate arbitration agreement and proceeded to arbitration, resulting in an Award on Stipulation, which contained findings related to the issues being arbitrated before the AAA and being litigated in New York State Court.  Motion to Intervene at 7–8; Ex. B to Motion to Confirm Arbitration Award (docket no. 1 at 8–17).  NST and Farwell then stipulated to confirm the Award on Stipulation, and Judge Lasnik entered a Judgment on Arbitration by Stipulation on February 25, 2020 (February 25 Judgment), docket no. 2 at 1–4.  On September 18, 2020, BWS filed this motion to intervene and to vacate the February 25 Judgment.

**Discussion**

BWS asserts that the Court should consider its motion as timely, that it is entitled to intervene, and that the Court should vacate the February 25 Judgment.  The Court address each argument in turn.

**A.    Timeliness**

Courts may grant a motion to intervene "on timely motion."[2]  Fed. R. Civ. P.24(a), (b)(1).  But, pursuant to Rule 6(b)(1)(B), "[w]hen an act may or must be done within a

---

[2] Because BWS does not argue that its motion was timely under Rule 24, the Court only analyzes whether it should consider the motion as timely pursuant to Rule 6(b)(1)(B).

ORDER - 3

specified time, the court may, for good cause, extend the time . . . on [a] motion made after the time has expired if the party failed to act because of excusable neglect." A district court has discretion when deciding whether a litigant establishes excusable neglect. Pincay v. Andrews, 389 F.3d 853, 859 (9th Cir. 2004). In exercising this discretion, the court contemplates four factors: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." Id. at 855 (citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

Farwell does not argue that considering BWS's motion would prejudice him. Though BWS filed its motion in September 2020, almost seven months after the February 25 Judgment was entered, nothing suggests BWS knew about the February 25 Judgment until August 2020. As to the third factor, BWS's failure to receive any actual or constructive notice of the February 25 Judgment was not within its control. Though Local Rules 3(g) and 3(h) required NST and Farwell to notify the Court of the proceedings before the AAA and New York State Court, they failed to do so. Finally, nothing suggests BWS is acting in bad faith. Because these factors all indicate BWS acted with excusable neglect, the Court determines BWS's motion is timely and considers its merits.

### B.     Intervention as a Matter of Right

Rule 24(a)(2) provides that a court must permit a party to intervene as a matter of right when, on timely motion, they "claim[] an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Courts broadly interpret these requirements in favor of intervention.  United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004).

The Court has already determined that BWS's motion to intervene is timely.  BWS also has an interest relating to the property that was the subject of the arbitration, as the arbitration award confirmed by the February 25 Judgment involves the same patents that are the subject of the Assignments.  Compare Ex. B to Motion to Confirm Arbitration Award (docket no. 1 at 9) (Arbitration Award involving US patents #5,363,858, #5,406,956, #5,467,777, and #7,689,272) with Ex. A to Tomkins Decl. (docket no. 6-1 at 6, 12, 19) (Assignments listing same patents).  Further, not permitting BWS to intervene would impede its ability to protect its interests, as Farwell is attempting to use the February 25 Judgment to dismiss the arbitration before the AAA, and the findings in the arbitration award could impact the litigation in New York State Court.  See Ex. G to Tomkins Decl. at 16.  Finally, neither Farwell nor NST adequately represented BWS's

ORDER - 5

interests, as they dispute BWS's asserted ownership of the patents.  The Court determines that BWS may intervene as a matter of right.[3]

### C. Vacating the February 25 Judgment

Rule 60(b)(3) permits courts to relieve a party from a final judgment, order, or proceeding based on fraud, misrepresentation, or misconduct by an opposing party.  "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense."  De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 880 (9th Cir. 2000).  The Rule is aimed at judgments that a party unfairly obtained, as opposed to those that are factually incorrect.  In re M/V Peacock on Complaint of Edwards, 809 F.2d 1403, 1405 (9th Cir. 1987).

BWS did not have a prior opportunity to intervene and present its arguments against confirming the arbitration, even though the award clearly had the potential to impact the cases before the AAA and New York State Court.  The February 25 Judgment may significantly impact the AAA arbitration as Farwell filed a motion to dismiss based on it.  Further, because the February 25 Judgment determines that NST has title to certain patents, it undermines BWS's claims to the Brain Fingerprinting IP in both the AAA arbitration and the litigation in New York State Court.

---

[3] Because the Court holds that BWS may intervene as a matter of right, it does not address BWS's argument for permissive intervention.

1   Additionally, nothing in the record suggests either party notified the Court of the
2   other cases involving the Brain Fingerprinting IP, which violated Local Rules 3(g) and
3   3(h), requiring parties to notify the court of related cases and the pendency of another
4   action in another jurisdiction or forum.  Farwell's only explanation for this
5   noncompliance is ignorance, but the Court cannot overlook his failure to follow the Local
6   Civil Rules.  See <u>Gebrekidan v. USAA Ins. Co.</u>, No. C13-0508JLR, 2014 WL 171931, at
7   *2 (W.D. Wash. Jan. 15, 2014).  The Court determines that because the parties' failure to
8   follow the local rules effectively hid the AAA arbitration and New York State litigation
9   from Judge Lasnik and prevented BWS from learning of the arbitration between NST and
10  Farwell, the requirements of Rule 60(b)(3) are satisfied.  See <u>Dave Drilling Env't Eng'g,</u>
11  <u>Inc. v. Gamblin</u>, No. 14-cv-02851-WHO, 2015 WL 4051968, at *6–*7 (N.D. Cal. July 2,
12  2015) (vacating a judgment under Rule 60(b)(3) because the party failed to comply with
13  local rule requiring it to notify the court of related cases).

14      For these reasons, the Court determines that NST and Farwell unfairly obtained
15  the February 25 Judgment and accordingly vacates it.

16  **Conclusion**

17      For the foregoing reasons, the Court ORDERS:

18      (1)    Third Party BWS's Motion to Intervene (docket no. 5) is GRANTED;

19      (2)    Third Party BWS's Motion Vacate the February 25 Judgment (docket no.
20  5) is GRANTED;

21      (3)    The Court's February 25 Judgment (docket no. 2) is hereby VACATED;

22

23

ORDER - 7

(4)	The parties are DIRECTED to file a Joint Status Report by January 18, 2021, to advise the Court whether the case can be closed;

(5)	The Clerk is directed to AMEND the caption to include BWS as an intervenor;

(6)	The Court's Report on the Filing or Determination of an Action or Trademark (docket no. 3) is RESCINDED and the Clerk is directed to mail a copy of this Order to the Director of the U.S. Patent and Trademark Office; and

(7)	The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 18th day of December, 2020.

*[signature]*

THOMAS S. ZILLY
United States District Judge

ORDER - 8